**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONTAYE DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | Complaint for Violation of Civil Rights |
| ) | |
| Illinois State Troopers Mosley, Badge No. ) | **JURY DEMANDED** |
| 6533, Budz, Badge No. 7199, and ) | |
| Lisowski, Badge No. 6417, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

Plaintiff, Dontaye Douglas, by and through his attorneys, Ed Fox & Associates, Ltd., files the following complaint against Illinois State Troopers Mosley, Badge No. 6533, Budz, Badge No. 7199, and Lisowski, Badge No. 6417:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331 and 1343.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff, Dontaye Douglas ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendants, Illinois State Troopers Mosley, Badge No. 6533, Budz, Badge No. 7199, and Lisowski, Badge No. 6417 (collectively "Defendant Officers")

1

were employed by the Illinois State Police Department and acted under the color of state law and as the employees, agents, and/or representatives of the Illinois State Police Department. Plaintiff is suing Defendant Officers, each of them, in their individual capacities.

## FACTUAL ALLEGATIONS

5. On or about June 19, 2022, at all times material, Plaintiff drove his vehicle on I-294.

6. Plaintiff switched from lane four onto the right shoulder to avoid a collision.

7. Plaintiff's vehicle struck the rear of a vehicle unlawfully parked on the right shoulder.

8. Defendant Officers arrived at the scene.

9. Shortly after, an ambulance arrived at the scene.

10. Plaintiff was walking toward the ambulance to receive medical care from the paramedic/EMT(s) but was prevented from doing so by Defendant Officers.

11. Plaintiff informed Defendant Officers that he needed to receive medical care.

12. Defendant Officers were on notice that Plaintiff had just been involved in a vehicle accident.

13. Plaintiff continually expressed to Defendant Officers that he needed to receive medical care.

14. Defendant Officers did not allow Plaintiff to receive medical care and informed the paramedic/EMT(s) to leave.

15. Thereafter, the ambulance left the scene.

16. There was no just cause to prevent Plaintiff from receiving medical care.

17. Defendant Officers handcuffed and detained Plaintiff.

18. There was no just cause to handcuff and detain Plaintiff.

19. Defendant Officers searched Plaintiff and his belongings.

20.  Plaintiff did not consent to a search of his person and/or his belongings.

21.  There was no just cause to search Plaintiff and/or his belongings.

22.  Defendant Officers failed to find any contraband on Plaintiff or in his belongings.

23.  Defendant Officers searched Plaintiff's vehicle.

24.  Plaintiff did not consent to a search of his vehicle.

25.  There was no just cause to search Plaintiff's vehicle.

26.  Defendant Officers failed to find any contraband in Plaintiff's vehicle.

27.  Plaintiff was charged for improper lane usage-crossing lane boundaries unsafely and operating an uninsured motor vehicle.

28.  At all times material, Plaintiff did not commit any of the above violations Defendant Officers charged him with.

29.  There was no legal cause to charge and/or prosecute Plaintiff for violating the law mentioned above.

30.  On or about September 12, 2022, the charges against Plaintiff were dismissed, indicative of his innocence.

31.  There was no legal cause to handcuff and detain Plaintiff, search his person, vehicle, and/or belongings, and/or fail to provide him with adequate medical care.

32.  As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

33.  The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for

Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

34. By reason of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant Officers of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

35. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

36. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

37. The arbitrary detention of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by handcuffing and detaining him. Defendant Officers unlawfully detained Plaintiff without just cause. The foregoing was unnecessary, unreasonable, and violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

38. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

39. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff, his belongings, and/or vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by searching Plaintiff, his belongings, and/or his vehicle without just cause. The foregoing was unnecessary, unreasonable, and violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR INADEQUATE MEDICAL CARE IN VIOLATION OF THE FOURTH AMENDMENT

41. Plaintiff hereby incorporates and realleges paragraphs one through thirty-four (34) hereat as though fully set forth at this place.

42. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder. Defendant Officers were responsible either in an individual or supervisory capacity for committing the wrongful acts and/or for failing to act to prevent the wrongdoing to Plaintiff despite the reasonable ability to prevent the wrongdoing from happening.

43. The unreasonable and inadequate medical care given to Plaintiff by Defendant Officers violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by preventing Plaintiff from receiving medical care after Plaintiff was involved in a vehicle collision and did so without just cause. The foregoing was unnecessary, unreasonable, and violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to

42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, Dontaye Douglas, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. Defendant Officers pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendant Officers pay Plaintiff's special damages;

3. Defendant Officers pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Defendant Officers to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendant Officers pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com